UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on May 5, 2015

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| v. | : | **GRAND JURY ORIGINAL** |
| | : | |
| **VICTOR SANTIAGO,** | : | **VIOLATIONS:** |
| also known as Nelson Antonio Serrano-Munoz, | : | **21 U.S.C. § 846** |
| | : | (Conspiracy to Distribute and Possess |
| **Defendant.** | : | with the Intent to Distribute Heroin and |
| | : | 28 Grams or More of Cocaine Base) |
| | : | |
| | : | **FORFEITURE:** |
| | : | **21 U.S.C. § 853(a), (p)** |

Case: 1:16-cr-00007
Assigned To : Jackson, Ketanji Brown
Assign Date : 01/12/2016
Description: INDICTMENT (B)

**INDICTMENT**

The Grand Jury charges that:

<u>COUNT ONE</u>

From on or about February 8, 2015, to on or about March 19, 2015, within the District of Columbia, the State of Maryland, and elsewhere, **VICTOR SANTIAGO**, also known as Nelson Antonio Serrano-Munoz, did knowingly and willfully combine, conspire, confederate and agree, and with other persons both known and unknown to the Grand Jury, to unlawfully, knowingly, and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance; and a mixture and substance containing a detectable amount of cocaine base, also known as crack, a

Schedule II narcotic drug controlled substance, and the amount of said mixture and substance was 28 grams or more, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(iii), and 841(b)(1)(C).

**(Conspiracy to Distribute and Possess with Intent to Distribute Heroin and 28 Grams or More of Cocaine Base**, in violation of Title 21, United States Code, Section 846)

## FORFEITURE ALLEGATION

1. Upon conviction of any of the offenses of Count One, the defendant shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of this offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of this offense. The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of this offense.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture**, pursuant to Title 21, United States Code, Sections 853(a) and (p)

A TRUE BILL:


FOREPERSON.


*Channing D. Phillips /G.G.*
Attorney of the United States in
and for the District of Columbia.

3